15-2449
United States v. Wells Fargo & Co.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2016

Argued: March 1, 2016
Final Submission: August 1, 2017
Decided: September 7, 2017

Docket No. 15-2449

_____

PAUL BISHOP, ROBERT KRAUS, UNITED STATES OF AMERICA, EX REL PAUL BISHOP, EX
REL ROBERT KRAUS,

*Plaintiffs-Appellants*,

STATE OF NEW YORK, EX REL PAUL BISHOP, EX REL ROBERT KRAUS, STATE OF
DELAWARE, EX REL PAUL BISHOP, EX REL ROBERT KRAUS, DISTRICT OF COLUMBIA, EX
REL PAUL BISHOP, EX REL ROBERT KRAUS, STATE OF FLORIDA, EX REL PAUL BISHOP,
EX REL ROBERT KRAUS, STATE OF HAWAII, EX REL PAUL BISHOP, EX REL ROBERT
KRAUS, STATE OF CALIFORNIA, EX REL PAUL BISHOP, EX REL ROBERT KRAUS, STATE
OF INDIANA, EX REL PAUL BISHOP, EX REL ROBERT KRAUS, STATE OF ILLINOIS, EX REL
PAUL BISHOP, EX REL ROBERT KRAUS, STATE OF MINNESOTA, EX REL PAUL BISHOP,
EX REL ROBERT KRAUS, STATE OF NEVADA, EX REL PAUL BISHOP, EX REL ROBERT
KRAUS, STATE OF NEW HAMPSHIRE, EX REL PAUL BISHOP, EX REL ROBERT KRAUS,
COMMONWEALTH OF MASSACHUSETTS, EX REL PAUL BISHOP, EX REL ROBERT KRAUS,
STATE OF NEW MEXICO, EX REL PAUL BISHOP, EX REL ROBERT KRAUS, STATE OF
MONTANA, EX REL PAUL BISHOP, EX REL ROBERT KRAUS, STATE OF NORTH
CAROLINA, EX REL PAUL BISHOP, EX REL ROBERT KRAUS, STATE OF NEW JERSEY, EX

REL PAUL BISHOP, EX REL ROBERT KRAUS, STATE OF OKLAHOMA, EX REL PAUL BISHOP, EX REL ROBERT KRAUS, STATE OF RHODE ISLAND, EX REL PAUL BISHOP, EX REL ROBERT KRAUS, STATE OF TENNESSEE, EX REL PAUL BISHOP, EX REL ROBERT KRAUS, COMMONWEALTH OF VIRGINIA, EX REL PAUL BISHOP, EX REL ROBERT KRAUS,

*Plaintiffs,*

—v.—

WELLS FARGO & COMPANY, WELLS FARGO BANK, N.A.,

*Defendants-Appellees.*

————————

B e f o r e:    KATZMANN, *Chief Judge*, SACK and LOHIER, *Circuit Judges*.

————————

The Supreme Court vacated our prior decision in this False Claims Act ("FCA") case in light of *Universal Health Services, Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989 (2016). *Escobar* abrogated two holdings of *Mikes v. Straus*, 274 F.3d 687 (2d Cir. 2001), upon which this Court and the district court had relied in our prior decisions in the present case. Specifically, *Escobar* abrogated *Mikes*'s express-designation requirement for implied false certification claims and *Mikes*'s particularity requirement for express false certification claims. In place of these requirements, *Escobar* held that a misrepresentation must be material to the government's payment decision to be actionable under the FCA. Because this materiality standard has not been applied in the present case, we remand for the district court to determine in the first instance whether defendants' alleged misrepresentations were material.

Accordingly, we VACATE the judgment of the district court and REMAND for further proceedings consistent with this opinion.

————————

Thomas C. Goldstein & Tejinder Singh, Goldstein & Russell, P.C., Bethesda, Maryland; Rachel Grier, Berg & Androphy, Houston, Texas, *for Plaintiffs-Appellants*.

Amy Pritchard Williams & Sara S. Ash, Troutman Sanders LLP, Charlotte, North Carolina; Stephen G. Rinehart, Troutman Sanders LLP, New York, New York, *for Defendants-Appellees*.

Chad A. Readler, Acting Assistant Attorney General; Bridget M. Rohde, Acting United States Attorney; Michael S. Raab, Charles W. Scarborough, and Benjamin M. Schultz, Attorneys; United States Department of Justice, Washington, DC, *filed a brief for Amicus Curiae the United States, supporting Neither Party*.

Kate Comerford Todd & Steven P. Lehotsky, United States Chamber Litigation Center, Inc., Washington, DC; John P. Elwood & Ralph C. Mayrell, Vinson & Elkins LLP, Washington, DC, *filed a brief for Amici Curiae Chamber of Commerce of the United States of America and the Clearing House Association, in support of Defendants-Appellees*.

———————————

PER CURIAM:

This False Claims Act ("FCA") case returns to us on remand from the United States Supreme Court. The Supreme Court vacated and remanded our earlier opinion, *Bishop v. Wells Fargo & Co.*, 823 F.3d 35 (2d Cir. 2016), in light of the Supreme Court's decision in *Universal Health Services, Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989 (2016). *See Bishop v. Wells Fargo & Co.*, 137 S. Ct. 1067 (2017). Because *Escobar* set out a materiality standard for FCA claims that has not

been applied in the present case, we vacate and remand for further proceedings consistent with this opinion and *Escobar*.

The present case began in 2011, when Robert Kraus and Paul Bishop (together, "the relators") brought a *qui tam* action under the FCA on behalf of the United States against Wells Fargo & Company and Wells Fargo Bank, N.A. (together, "Wells Fargo"). The relators claimed that Wells Fargo, along with Wachovia Bank and World Savings Bank, which later merged into Wells Fargo, falsely certified their compliance with banking laws in order to borrow money at favorable rates from the Federal Reserve System. The government declined to intervene, and the district court (Cogan, *J.*) dismissed the relators' complaint in its entirety. *See United States ex rel. Kraus v. Wells Fargo & Co.*, 117 F. Supp. 3d 215 (E.D.N.Y. 2015). We affirmed. *Bishop*, 823 F.3d at 50.

When evaluating the relators' claims, our decision and that of the district court relied on *Mikes v. Straus*, 274 F.3d 687 (2d Cir. 2001), for two points in particular. First, we relied on *Mikes*'s holding that "implied false certification is appropriately applied only when the underlying statute or regulation upon which the plaintiff relies *expressly* states the provider must comply in order to be paid."

4

*Mikes*, 274 F.3d at 700. We refer to this as *Mikes*'s express-designation requirement. Second, we relied on *Mikes*'s holding that "[a]n expressly false claim is . . . a claim that falsely certifies compliance with a *particular* statute, regulation or contractual term, where compliance is a prerequisite to payment." *Id.* at 698 (emphasis added). We refer to this as *Mikes*'s particularity requirement.

These two *Mikes* requirements—the express-designation requirement for implied false certification claims and the particularity requirement for express false certification claims—did not survive *Escobar*. First, the *Escobar* Court directly abrogated *Mikes*'s express-designation requirement, holding that "[a] statement that misleadingly omits critical facts is a misrepresentation irrespective of whether the other party has expressly signaled the importance of the qualifying information." 136 S. Ct. at 2001; *see id.* at 1999 (citing *Mikes* as limiting the implied false certification theory through an express-designation requirement).

Second, although *Escobar* was an implied false certification case, it also abrogated *Mikes*'s particularity requirement for express false certification claims. *See Doscher v. Sea Port Grp. Sec., LLC*, 832 F.3d 372, 378 (2d Cir. 2016) (explaining that a panel of this Court may overrule a precedent when "an intervening

5

Supreme Court decision casts doubt on the prior ruling"). The *Escobar* Court

indicated that limitations on liability under the FCA must be grounded in the text

of the FCA, including the "well-settled meaning[s] of common-law terms [the

FCA] uses" but does not expressly define. *Escobar*, 136 S. Ct. at 1999. We detect no

textual support in the FCA for *Mikes*'s particularity requirement. *See* 31 U.S.C. §§

3729–33. In addition, the common law does not limit fraud claims in a way that

would support *Mikes*'s particularity requirement. *See* Restatement (Second) of

Torts § 525 cmt. b, p. 56 (1977) (defining "misrepresentation" to include "not only

words spoken or written but also any other conduct that amounts to an assertion

not in accordance with the truth," without any particularity requirement).[1] The

*Escobar* Court also explained that the FCA addresses the concerns animating

*Mikes*'s particularity requirement in other ways: "Instead of adopting a

circumscribed view of what it means for a claim to be false or fraudulent,

concerns about fair notice and open-ended liability can be effectively addressed

through strict enforcement of the [FCA]'s materiality and scienter requirements."

---

[1] *Mikes*'s particularity requirement also cannot be derived from *Escobar*'s materiality standard. As the *Escobar* Court explained, "materiality cannot rest on 'a single fact or occurrence as always determinative.'" 136 S. Ct. at 2001 (quoting *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 39 (2011)).

136 S. Ct. at 2002 (brackets and internal quotation marks omitted). In light of these statements from the Supreme Court, *Mikes*'s particularity requirement cannot stand.

In place of *Mikes*'s requirements, the *Escobar* Court set out a "familiar and rigorous" materiality standard. *Id.* at 2004 n.6. "[A] misrepresentation about compliance with a statutory, regulatory, or contractual requirement must be material to the Government's payment decision in order to be actionable under the [FCA]." *Id.* at 2002. In general, "materiality looks to the effect on the likely or actual behavior of the recipient of the alleged misrepresentation." *Id.* (brackets and internal quotation marks omitted). Specifically in the FCA context,

> proof of materiality can include, but is not necessarily limited to, evidence that the defendant knows that the Government consistently refuses to pay claims in the mine run of cases based on noncompliance with the particular statutory, regulatory, or contractual requirement. Conversely, if the Government pays a particular claim in full despite its actual knowledge that certain requirements were violated, that is very strong evidence that those requirements are not material.

*Id.* at 2003–04. The *Escobar* Court admonished that "[m]ateriality . . . cannot be found where noncompliance is minor or insubstantial." *Id.* at 2003.

The materiality standard set out in *Escobar* has not been applied in the present case. We remand for the district court to determine, in the first instance, whether the relators have adequately alleged the materiality of the defendants' alleged misrepresentations.

**CONCLUSION**

For the foregoing reasons, we VACATE the district court's dismissal of the relators' complaint and REMAND to the district court for further proceedings consistent with this opinion.